# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIRESTONE FINANCIAL CORP.,** : | No. 3:11cv1564 |
|     **Plaintiff** : | |
| : | (Judge Munley) |
| : | |
| : | |
| **MAXX FUN, LLC.,** : | |
|     **Defendant** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM and ORDER

Before the court is Plaintiff Firestone Financial Corporation's ex parte motion for a writ of seizure. (Doc. 3). For the following reasons, the court will deny plaintiff's motion.

**Background**

Plaintiff filed a complaint on August 22, 2011 asserting claims for replevin and money damages against Defendant Maxx Fun, LLC. (See Doc. 1, Compl.). Plaintiff alleges that defendant defaulted on four promissory notes with a total outstanding balance of approximately $700,000. Defendant executed a master security agreement with plaintiff on July 9, 2010, which granted plaintiff a security interest in defendant's property. (See Doc. 1, Ex. E, Master Security Agreement). The property listed as the collateral in the master security agreement includes approximately 230 arcade video games, a number of kitchen items, and "miscellaneous items" such as "party benches," an "E Card System" and a "Parkay Dance Floor." (See id. at schedule A).

Plaintiff claims that defendant has failed to return the security property when requested to do so. Plaintiff alleges that the security property is located near Hazelton, PA, Newman, GA, and Lawrenceville, GA. Fearing that the security property could lose value, plaintiff has filed an ex part motion for a writ of seizure pursuant to Pennsylvania Rule of Civil Procedure 1075.2.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Massachusetts corporation with a principal place of business in Newton, Massachusetts, and the defendant is a Pennsylvania corporation with a principal place of business in Hazleton, Pennsylvania. (Compl. at ¶¶ 1-2). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

State law governs how district courts decide claims for the seizure of property to satisfy a judgment. See FED. R. CIV. P. 64 (a) ("At the commencement of and throughout the action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."); see also Ford Motor Credit Co. v. Ne. Assocs., Inc., No. 07-cv-155, 2007 WL 387593, at *1 (M.D. Pa. Jan. 31, 2007) (citing Hembach v. Quikpack Corp., No. Civ. A. 97-3900, 1998 WL 54737, at *7 (E.D. Pa.

2

Jan. 8, 1998). Pennsylvania Rule of Civil Procedure 1075.2 governs ex parte writs of seizure and provides:

> After the complaint has been filed, a writ of seizure may be issued by the court ex parte at any time upon motion of the plaintiff, upon the filing of a bond as provided by Rule 1075.3 if plaintiff satisfies the court of the probable validity of the claim to possession and that there is probable cause to believe that before notice can be given or hearing held,
>
> (1) the value of the property and the plaintiff's interest therein will be adversely affected by the continued possession and use by the defendant; or
>
> (2) the defendant or other person in possession will conceal, dispose, encumber, waste the property or the revenues therefrom, if any, or remove the same from the county.

PA. R. CIV. P. 1075.2(a). The bond posted in conjunction with an ex parte writ of seizure is required to be double the value of the property averred in the complaint to be the security. See PA. R. CIV. P. 1075(b).

Plaintiff supports its motion for an ex parte writ of seizure by arguing that (1) the collateral is "mobile and therefore may be moved out of the Court's jurisdiction and/or transported in a way that detrimentally affects the Plaintiff's ability to enforce its security interest in the Collateral," (2) defendant's continued possession of the collateral is "wrongful and in contravention of Plaintiff's rights," and (3) "Defendant's failure to pay storage costs has put certain of Plaintiff's Collateral at risk." (Doc. 3, Pl.'s Ex Parte Mot. for Issuance of Order of Seizure at ¶¶ 4-6). Plaintiff bolsters these claims with an affidavit from one of plaintiff's executives (Doc. 3, Ex. B.) and an e-mail from the storage company (Doc. 3, Ex. A).

3

Despite plaintiff's averments in its motion to the contrary, the court cannot grant its motion for a writ of seizure. Plaintiff has not satisfied the court that a Rule 1075.2 ex parte writ of seizure is either necessary or appropriate. First, the contention that the property would decrease in value if an ex parte order were not issued is unsupported. Rather, plaintiff alleges that the storage company, Atlanta Mobile Storage, may sell the contents of its trailers if rents are not paid. (See Doc. 3, Ex. A, E-mail). The e-mail indicates that plaintiff and Atlanta Mobile have a history of business dealings, and that plaintiff was Atlanta Mobile's "original customer." (Id.) Atlanta Mobile proposes a plan in the e-mail to settle the matter with plaintiff directly. (Id.) The court is reluctant to issue an order for the marshals to seize property in the custody of a non-party to the suit when it is not obvious that plaintiff's have a superior right to that property.

Additionally, the assertion that the property may be moved out of the jurisdiction of the court is vague. Most of the property is already outside of Pennsylvania according to the attached e-mail (four of the six trailers), and it is not clear who would take the property. Furthermore, with respect to the security property itself, the court is not satisfied that the plaintiff has established its value.

Plaintiff has failed to demonstrate that its security property will be damaged, concealed, or moved by defendant. Plaintiff has also not established the value of the security property at issue. Therefore, an issuance of an ex parte order to seize the security property would be inappropriate.

4

**AND NOW**, to wit, this 26th day of September 2011, plaintiff's motion for an ex parte writ of seizure (Doc. 3) is **DENIED**.

                                                              **BY THE COURT:**

                                                              **s/ James M. Munley**
                                                              **JUDGE JAMES M. MUNLEY**
                                                              **United States District Court**